a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **MEBRAHTU MEHUR OGBAZGI** #A028-058-460, Plaintiff | **CIVIL DOCKET NO. 1:20-CV-01312 SEC P** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **CHAD WOLF ET AL,** Defendants | **MAGISTRATE JUDGE PEREZ-MONTES** |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss (ECF No. 20) the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 5) of *pro se* Petitioner Mebrahtu Mehur Ogbazgi ("Ogbazgi"). At the time of filing, Ogbazgi was a detainee in the custody of the Bureau of Immigration and Customs Enforcement ("ICE") detained at the LaSalle Correctional Center in Olla, Louisiana.

Because Ogbazgi has been released, the Motion to Dismiss (ECF No. 20) should be GRANTED

I. **Background**

Ogbazgi is a native and citizen of Eritrea who was ordered removed on November 13, 2019. ECF No. 1 at 7. Ogbazi alleges that he has been in post-removal order detention for over one year, and his removal is unlikely to occur in the reasonably foreseeable future. ECF No. 1 at 6. Ogbazgi alleges that he has complied fully with all efforts by ICE to remove him, including applying for travel documents,

1

providing information on when and where he was born, and providing ICE with photographs. ECF No. 11 at 2. Nonetheless, he is not aware of any progress on his case or the issuance of travel documents by Eritrean officials. Thus, Ogbazgi alleges that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001). *Id.*

The Government moves to dismiss the Petition as moot because Ogbazgi has been released under an order of supervision. ECF Nos. 20-1 at 1; 20-3 at 1.

## II. Law and Analysis

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). The case-or-controversy requirement "subsists through all stages of federal judicial proceedings, trial and appellate." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* Therefore, throughout the litigation, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id.*

Because Ogbazgi has been released, the § 2241 Petition is moot. *See Dien Thanh Ngo v. Johnson*, 3:19-CV-976, 2019 WL 3468909 (N.D. Tex. July 17, 2019) (collecting cases), *report and recommendation adopted*, 2019 WL 3459817 (N.D. Tex. July 31, 2019). If a controversy is moot, the court lacks subject matter jurisdiction.

*Carr v. Saucier*, 582 F.2d 14, 16 (5th Cir. 1978) (citing *North Carolina v. Rice*, 404 U.S. 244, 246 (1971); *Locke v. Board of Public Instruction*, 499 F.2d 359, 363-364 (5th Cir. 1974)).

### III. Conclusion

Because the Court lacks jurisdiction, IT IS RECOMMENDED that the Motion to Dismiss (ECF No. 20) be GRANTED and the Petition (ECF No. 5) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, April 21, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE